## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiffs,<br><br>v.<br><br>SHAWN MICHAEL BLAS SANTOS,<br><br>Defendant. | CRIMINAL CASE NO. CF0681-19<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion for Amended Judgment* |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on November 19, 2024, for a hearing on Defendant's Motion for an Amended Judgment. Assistant Attorney General Charles Carsey was present on behalf of the People of Guam, and the Defendant was present with counsel, Assistant Public Defender Zachary Taimanglo. Attorney Joaquin C. Arriola also appeared on behalf of the alleged victim. After reviewing the pleadings and hearing oral arguments, the Court issues the following Decision and Order.

### BACKGROUND

On December 23, 2019, the Defendant was indicted for the charges of Burglary (Second Degree Felony), *2 Counts*, Theft (Misdemeanor), and Criminal Trespass (Misdemeanor).

The charges stem from allegations of three separate home burglaries involving the Defendant between August 2019 and December 2019. The Defendant was arrested and committed to the Department of Corrections on December 14, 2019.

On October 26, 2021, the People filed an Information, amending the charges to Attempted Theft (Third Degree Felony) and Criminal Trespass (Misdemeanor). As part of a plea agreement, the Defendant was sentenced to five (5) years of incarceration, with three (3) years suspended, and a period of three (3) years probation. No parole was included in the sentence.

On July 5, 2022, Probation filed a Violation Report, alleging multiple violations by the Defendant upon his release on May 27, 2022. These included failing to report to Probation for intake, failing to follow the requirements for admission into the Lighthouse Recovery Center, failing to attend the Recovery Oriented Systems of Care program at New Beginnings, and failing to inform Probation of his change of residence. A Warrant of Arrest was issued on the same day.

On September 15, 2022, the Defendant was re-committed after being arrested for two counts of Theft and Possession of a Schedule II Controlled Substance. Probation filed a second Violation Report on September 26, 2022, stating that the Defendant had failed to obey the laws of Guam. The People moved to revoke the Defendant's probation on September 27, 2022.

On January 8, 2024, the Court granted the Motion to Revoke and issued a Judgment of Revocation, sentencing the Defendant to the plea agreement of five (5) years of incarceration, with three (3) years suspended, with credit for time served. No parole term was added. An Amended Judgment of Revocation was issued on March 15, 2024 correcting the sentence to five (5) years of incarceration, with credit for time served. No parole term was added.

On July 24, 2024, the Defendant filed the Motion for Amended Judgment, asserting that the Parole office had begun preparing him for parole despite no terms of parole being imposed. The People filed a non-opposition to the motion on August 6, 2024. The Court took the matter under advisement on November 19, 2024.

## DISCUSSION

### I.       Motion for Amended Judgment

The Defendant requests an amended judgment under Guam Rules of Civil Procedure (GRCP) 60(a) and 60(b)(6).   GRCP 60(a) allows the court to correct clerical mistakes in judgments or orders at any time.  GRCP 60(b)(6) permits the court to relieve a party from a final judgment for any reason justifying relief, beyond mistakes or newly discovered evidence.

The Defendant asserts that the Parole office is preparing to place him under their supervision despite no mention of parole in the plea negotiations, plea agreement, judgment of conviction, sentencing, or revocation.

After reviewing the record and relevant statutes, the Court finds that parole is not mandatory for the Defendant's charges. The Defendant was sentenced for Attempted Theft (Third Degree Felony) under 9 GCA §§ 43.20(b) and 43.30(a), and Criminal Trespass (Misdemeanor) under 9 GCA § 37.30(a). These statutes do not mandate parole.

Further, the Court's orders clearly state that the Defendant is to be placed on probation upon release, with no mention of parole. Therefore, the Court will not amend its Judgment to explicitly state the absence of parole, as it is already clear from the existing documents. Instead, the Court orders that the Parole office should not take the Defendant under its supervision.

/ / /

/ /

/

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion and **ORDERS** that the Parole Office should not supervise the Defendant upon his release. The Defendant having never been ordered on Parole by the Judgment, there is no need to enter an Amended Judgment.

**SO ORDERED** ___FEB 1 9 2025___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, POSC, Arriola

Date: 2|19|25 Time: 4:58pm

Antonio A Cruz
Deputy Clerk, Superior Court of Guam